**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

ROSEMARY CROMICH MCDONNELL,
Plaintiff-Appellant,

v.                                                                                          No. 96-1661

MILLER OIL COMPANY, INCORPORATED,
Defendant-Appellee.

Appeal from the United States District Court
for the Eastern District of Virginia, at Norfolk.
Robert G. Doumar, Senior District Judge.
(CA-95-638-2)

Argued: March 3, 1997

Decided: April 3, 1997

Before RUSSELL, WILKINS, and HAMILTON,
Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Jack Elmer Ferrebee, Virginia Beach, Virginia, for
Appellant. Stanford Beryl Adler, ADLER, ROSEN & PETERS, P.C.,
Virginia Beach, Virginia, for Appellee. **ON BRIEF:** Lisa Ehrich,
ADLER, ROSEN & PETERS, P.C., Virginia Beach, Virginia, for
Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Rosemary Cromich McDonnell appeals the district court's disposition of her Family Medical Leave Act of 1993 ("FMLA")[1] claim brought against her former employer, Miller Oil Co.("Miller Oil"). At trial, McDonnell argued that when she returned from maternity leave, Miller Oil did not make available to her the same or an equivalent position.[2] The jury found that Miller Oil violated the FMLA, but fixed McDonnell's damages at $0.00. She moved for a partial new trial on the issue of damages, which the district court denied. McDonnell appeals.

I.

McDonnell was a financial analyst with Miller Oil until December 1994, when she left on maternity leave. Her leave ended in February 1995. McDonnell testified that when she returned to Miller Oil, she was told that "she no longer had a job at Miller Oil." On the other

_____

[1] The FMLA requires certain employers to allow employees up to 12 weeks of leave for attending to family medical situations, including pregnancy. 29 U.S.C.A. § 2601-2618 (West Supp. 1996).

[2] The FMLA establishes that

> any eligible employee . . . shall be entitled, on return from such leave--
>
> (A) to be restored by the employer to the position of employment held by the employee when leave commenced; or
>
> (B) to be restored to an equivalent position with equivalent employment benefits, pay, and other terms and conditions of employment.

Id. § 2614(a). Employees are allowed to sue employers who violate the FMLA. Id. § 2617.

2

hand, Mike Miller, her supervisor, testified that McDonnell told him she did not want her old job back, and that she asked to return to work part-time, but refused the part-time positions he offered. Miller further testified that he and McDonnell agreed to call the separation a lay-off, so that McDonnell would qualify for unemployment benefits from the Virginia Employment Commission ("VEC").

At the close of evidence, the jury returned a verdict in favor of McDonnell. The jury found that Miller Oil violated her rights under the FMLA by failing to offer her the same or an equivalent job at the end of her maternity leave. However, the jury fixed her damages at $0.00. Evidence presented at trial established that McDonnell failed to regularly read the help wanted ads in the newspaper; never contacted employment agencies; failed to apply for a job referred to her by the VEC (thus forfeiting one week's unemployment compensation); and never contacted the placement offices at either the College of William and Mary, where she earned an MBA in finance, or Old Dominion University, where she received her undergraduate degree. Other evidence at trial showed that during the eleven-month period from February 1995 until the trial, McDonnell sent out between 80 and 100 resumes. She mailed the resumes without cover letters, and simply addressed them to the personnel departments of companies in her area, sometimes without even knowing if the company was hiring.

After the jury was excused, the district court announced its intention to award nominal damages of $1.00. McDonnell stated she would move for a judgment as a matter of law[3] or a partial new trial on the issue of damages,[4] and so the district court delayed entering judgment.

The district court informed McDonnell that it would not entertain argument on her plea for equitable relief until the motion for judgment as a matter of law was decided. Thereafter, McDonnell formally withdrew that motion, and submitted no further argument. The district court then acted on the remaining issues in the case. It found the defendant had acted in bad faith, and awarded liquidated damages of

_____

[3] Fed. R. Civ. P. 50(a).

[4] Fed. R. Civ. P. 59.

3

$1.00, doubling McDonnell's damages award to $2.00, plus interest. It also declined to award McDonnell front pay. McDonnell then filed a motion for a partial new trial on damages, which the court denied.

II.

McDonnell's appeal raises three issues. First, she contends that the jury's award of no damages was a miscarriage of justice or against the clear weight of the evidence, requiring a new trial. Second, she claims that the district court improperly instructed the jury on her duty to mitigate her damages. Finally, she claims the district court erred in refusing to grant her equitable relief in the form of front pay and reinstatement. All of these issues were encompassed in her motion for a partial new trial on the issue of damages, and fully considered by the district court. Our review, therefore, is limited to whether the district court abused its discretion in denying McDonnell's motion for a new trial.[5]

In its opinion and order denying the partial new trial, the district court found that the evidence supported the jury's award of no damages, and that the award was not a miscarriage of justice. It further found that the submitted jury instruction did not constitute plain or fundamental error, and that McDonnell failed to challenge the instruction at trial. Furthermore, the record revealed that McDonnell's counsel specifically agreed to the language of the instruction. Finally, McDonnell testified that she did not wish to be reinstated, and she never requested reinstatement. Left with front pay as the only equitable remedy, the district court did not award front pay for two reasons. First, reinstatement is the preferred equitable remedy.[6] Second, the district court found McDonnell's subjective unwillingness to accept reinstatement to be unreasonable.

Having carefully reviewed the record, we hold that the district court did not abuse its discretion in denying McDonnell's motion for

_____

[5] Chesapeake Paper Products Co. v. Stone & Webster Eng'g Co., 51 F.3d 1229, 1237 (4th Cir. 1995).

[6] Duke v. Uniroyal, Inc., 928 F.2d 1413, 1424 (4th Cir. 1991).

4

a partial new trial on the issue of damages. Accordingly, we affirm the judgment of the district court.

AFFIRMED